### DESCENT AND DISTRIBUTION.

Circuit Court of Licking County.

Wm. H. Goff et al v. Lemuel R. Disbennet et al.

Decided, September Term, 1911.

*Course of Descent—Where Property has Descended to a Class of Heirs —Degree of Consanguinity, and Whether Lineal or Collateral, Immaterial—Partition—Section 8581.*

Where an intestate leaves property acquired by purchase, with no heirs except nephews and nieces, title is cast upon such nephews and nieces as a class, and they therefore take *per capita* and not *per stirpes.*

*Crum, Raymond & Hedges* and *Fulton & Fulton,* for plaintiffs in error.

*Kibler & Kibler,* contra.

By the Court (Voorhees, Shields and Powell, JJ.).

Error is prosecuted in this court by the plaintiffs in error to reverse the judgment of the court of common pleas in an order of distribution of the proceeds of the sale of lands in partition.

The question arises under the construction of Section 4159, Revised Statutes, or 8574, General Code, relating to the descent of real estate which came to the intestate by purchase.

The action was for the partition of the lands of one Samuel Goff who died intestate, never having married and who had no brothers or sisters living at the time of his death, but who had had six brothers and sisters all of whom had died before his own death leaving children surviving them, to whom the lands men-

tioned and described in the petition descended by virtue of said statutes..

It is claimed on the part of plaintiffs in error that these lands descended to the children of his brothers and sisters as legal representatives of such brothers and sisters, and that the lands should be divided not as though the children were, themselves, the next of kin of said Samuel Goff and inherit the same direct from him upon his death, ·but that it should be divided as though the brothers and sisters were living; and they contend that such construction is sustained by the Supreme Court in the case of *Dutoit* v. *Doyle*, 16 O. S., at page 400.

In that case the intestate left surviving several children and also issue of the two other children who were then deceased. One left three children and the other five. The Supreme Court held that the children of the deceased children of the intestate took such share of said estate as their parents would have taken had they been living at the death of the intestate. In other words, the estate was divided equally among all the children of the intestate living at his death, and including such as had died before that time leaving children surviving them, the grandchildren receiving such share of the estate as their parents would have received had they been living. That is, the share of the deceased child who left three children was divided into three portions and the share of the deceased child who left five children was divided into five portions. It is claimed that this decision justifies the contention of plaintiffs in error under this section of the said statutes. We think this question has been settled otherwise by the Supreme Court in the 9 O. S., at page 327, and followed and fully sustained by the 52 O. S., at page 470.

In the 9 O. S., it is held that by the provisions of the tenth section of the act regulating descents, passed February 24, 1831, when an estate descended to nephews and nieces, legal representatives of brothers and sisters, no brother nor sister of the intestate surviving, the nephews and nieces took *per capita;* and if a nephew or niece had died before the intestate, leaving children, such children took *per stripes* the share of the deceased parent.

Section 10 of that act provided, that "when any of the before mentioned children, brothers, sisters, or their legal representa-

tives, in the the same degree of consanguinity or kindred, came into partition of any real estate, they shall take *per capita;* but where one or more of them are dead, and one or more of them are living, the issue of those dead shall have a right to partition; and such issue, in such case, shall take *per stirpes.*"

Under this provision, the parties in this case would be included as legal representatives of the brothers and sisters of the intestate. They are in the same degree of consanguinity or kindred—all either living nephews and nieces of the intestate, or children of a nephew or niece deceased; the former would take *per capita,* the latter *per stirpes.*

Section 8581, General Code, reads as follows:

"When all the descendents of an intestate, in a direct line of descent, are of an equal degree of consanguinity to the intestate, whether children, grandchildren, or great-grandchildren, or of a more remote degree of consanguinity to such intestate, the estate shall pass to such persons of equal degree of consanguinity to such intestate in equal parts, however remote from the intestate such equal and common degree of consanguinity may be."

It is claimed that this section does not apply to the case now under discussion for the reason that it applies only to lineal descendants and not collateral descendants. The Supreme Court, however, in the case decided in the 9 O. S., have disposed of this contention. It is said at page 330:

"It might, upon a first inspection of that section, be supposed that the 'descendants' to which it refers, were the lineal descendants only of the intestate, such as grandchildren and great-grandchildren; but a more careful examination shows the contrary. It will be seen that in Section 6, children as well as grandchildren and great-grandchildren are named, which, if the lineal descendants of the intestate alone are intended, would have been unnecessary, the children of the intestate having been provided for in Section 5. The concluding language of that section also shows, that descendants, in the sense of those to whom the estate descends, were in the contemplation of the Legislature. Its provisions are to apply 'so that the estate shall pass to such persons of equal degree of consanguinity to such intestate in equal parts, however remote from the intestate such equal and common degree of consanguinity may be.'

"Our conclusion is that the Legislature, instead of limiting the rule as provided in Section 10 of the act of 1831, intended to extend and apply it to every case, in which an estate was to be divided among a class of descendants, whether their consanguinity to the intestate be lineal or collateral."

This construction is also followed and commented upon by the Supreme Court in the 52 O. S., page 470. On page 485, the court say:

"The section was under consideration in *Dutoit* v. *Doyle et al*, 16 Ohio St., 400, where the principle of representation was recognized, and made the basis of the conclusion, that in cases of this character, grandchildren take *per stirpes*, and not *per capita*. To the representative character with which they are thus clearly invested, representative rights are appropriate; and full effect should be given to the provision which defines their inheritance, and limits it to 'that portion of the estate to which such deceased child would be entitled if such deceased child were living.'"

And this applies in cases of this kind after those who are heirs to such estate have been ascertained, in case any such heirs shall have died leaving children or other issue surviving them. That is, the nearest of kin of an intestate under this section of the statute became his heir at law and took the estate *per capita*, but if any such nearest of kin have died leaving children or other issue they shall take by representation only such share of the estate of the intestate as their parents would have taken if living, or *per stirpes*.

We think the court of common pleas did not err in making its order of distribution in this case and that its judgment should be affirmed.

It appears that some of the plaintiffs in error have accepted the amounts awarded them in the order of distribution made in the court of common pleas, and an answer to the petition in error has been filed setting forth this fact and claiming the same to be a waiver of any error that may have occurred in said proceedings in the court below.

We do not so hold, since the amounts received by them have never been in dispute, but the same have been conceded by all parties to belong to such plaintiffs in error as have received them.

The answer to the petition in error will be dismissed. Exceptions.